## Union Mutual Fire Insurance Company *v.* Keyser.

By the charter of a mutual fire insurance company, the power of issuing policies, and effecting insurances, was entrusted to the directors, who were required to divide all risks into four separate classes, and assign each policy to its proper class, and a by-law was established defining the different kinds of property to be assigned to each class. With a full knowledge of the facts, the directors insured property in one class, which, according to the by-law, should have been assigned to another class; *held,* in an action on the premium note, that the policy was not void, and that the note was valid.

Debt, to recover the amount of the defendant's premium note for two hundred and forty dollars, dated February 19, 1849.

The defendant owned a tannery, in which steam was employed to heat the liquor used in that business; and the note in suit was given to the plaintiffs upon his obtaining an insurance on the tannery against loss by fire. The fact that steam was so used was known to the company when the policy was issued, and was fully set forth in the defendant's written application for insurance.

The act incorporating the plaintiffs provides, that "all property, whether real or personal, insured by the company, shall be divided into four separate and distinct classes, and that each class shall be liable for its own losses; that the premium notes of each class of risks shall be holden and assessed to pay the losses in their respective classes, and not each for the other; and that the policy of each member shall designate with which class of risks he is associated."

By the charter the general direction of the affairs of the company is entrusted to the directors, and it is provided that the directors, among other things, "shall class the property to be insured into four different classes, and fix upon the different kinds of property to be embraced in each class, which classes shall severally be made as equal in regard to the risks as possible." The charter also provides, that the directors "shall determine the rates of insurance, and order and direct the making and issuing of all policies of insurance." The act of incorporation grants to the company the usual power of making by-laws.

The eighth article of the by-laws provides, that the property insured by the company shall be divided into four classes, and after stating what kinds of property shall be insured in the first and second classes, further provides as follows : " The *third* class shall consist of stores, merchandise, public houses, public boarding-houses, churches, academies, school-houses, saddle, harness and trunk makers' shops, *tanneries, (where no steam is used,*") &c., and that the *fourth* class, among many kinds of property enumerated, " shall consist of *tanneries, (where steam is used.*")

The defendant was duly insured in the third class of risks, and a policy issued to him in that class.

It was agreed that if the court should be of opinion that the plaintiffs would have been liable in case of a loss, judgment should be rendered for them ; otherwise for the defendant.

*Fowler*, and *George & Foster*, for the plaintiffs.

*Tappan*, for the defendant.

PERLEY, C. J. The case finds that the plaintiffs, when the policy was issued to the defendant, were informed that steam was used on the premises insured, and that the written application for insurance fully stated that fact. This is not a case, then, where the contract is sought to be avoided on the ground of misrepresentation or mistake. The contract was fairly made on both sides, with full knowledge of all the facts. The defence set up is, that the policy was void, and the notes without consideration, because the directors undertook to insure the defendant in the third class of risks, whereas, according to the by-law, his policy should have been assigned to the fourth class. The single question then is, whether the policy was void because the directors insured the property in the third class instead of the fourth.

All the powers of a corporation, created, as in this case, by the legislature, are derived from the act of incorporation ; and the powers granted to the corporation are lodged in the whole corporation, in one or more of the component parts, in a select body,

or in the hands of certain officers and agents, according as the act may prescribe ; and where the act of incorporation provides that any power granted to the corporation shall be exercised by any set of officers, or any particular agents, the power can be exercised only by such officers or agents, although the officers and agents are required to be chosen by the whole corporation; and if the whole corporation attempt to exercise a power which, by the charter, is lodged elsewhere, their action upon that subject is void.    Angell and Ames on Corporations 258, 259.

In the plaintiffs' corporation all the powers that relate to contracts of insurance, are, by the charter, expressly entrusted to the directors.    It is by the directors that the property insured is to be divided into four classes ; they are to determine the rate of insurance and the amount of the premium notes; and they are to order and direct the making and issuing of all policies of insurance.    If power existed any where in the corporation to make the contract in question, it resided in the directors, who undertook to make it.

There is, therefore, no ground for maintaining that this contract is void because the directors exceeded their powers, by attempting to act beyond the general scope of their authority. The objection is, that the by-law established a rule for the division of risks, which is violated by this insurance, and therefore the policy is void.

But the directors are made, by the act of incorporation, the general agents of the company over this subject, and fully represent, for the purpose of making this contract, all the powers of the corporation.    The directors, by the express terms of the charter, are to assign the different risks to their respective classes, and, in the exercise of this power, they assigned this risk to the third class.    The by-law cannot be regarded as a limitation and restriction of a power which is lodged by the charter in the directors.    It can have no higher effect than instructions, or a general regulation, adopted by the directors themselves, as a convenient guide in ordinary cases.

The action of the directors is, in this case, the action of the

corporation; the corporation could act on this subject in no other way than through the directors; and, as a general rule, mutual fire insurance companies have power to waive provisions of their by-laws, which have been introduced for the benefit and protection of the company. Angell on Insurance, § 242; *Clark* v. *The Ins. Co.,* 6 Cush. 342; *Heath* v. *The Ins. Co.,* 1 Cush. 257.

In this case the action of the directors may have been irregular, contrary to the established usage, and in violation of their own rules, and of the by-laws; but it was still within the scope of their authority, expressly conferred on them by the charter, and therefore binding on the company.

*Judgment for the plaintiffs.*